IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| | § | CIVIL ACTION NO. 9:06cv230 |
| FRANK HOKE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff David Ali, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c). As Defendants, Ali named Frank Hoke, administrator of the TDCJ Access to Courts Program; Vickie Barrow, assistant administrator of the program; T. Roddey, a TDCJ representative who oversees the Step Two grievance program concerning disciplinary cases; Bill Lewis, a TDCJ representative who oversees the Step Two grievance program concerning staff misconduct; Warden Paul Sloan of the Lewis Unit; Warden Michael Roesler of the Lewis Unit; Joseph Reneau, Access to Courts supervisor for the Lewis Unit; Captain Preston McFarland, a disciplinary hearing officer at the Lewis Unit; and Officer James Cunningham of the Lewis Unit.

An evidentiary hearing was conducted on February 13, 2007, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  At this hearing and in his complaint, Ali says that he was transferred to the Gib Lewis Unit on or around October 26, 2005.  On October 27, the next day, he submitted an I-60 inmate request form to Joseph Reneau asking for legal research materials, but the request was denied.  On October 31, he submitted another request for research materials, but was again denied.

On November 3, Ali submitted another I-60 form to Reneau, who told him to complete all of the information on the form. On November 7 and 9, Ali submitted forms asking for legal research

1

materials, but was again denied.  Ali then filed a grievance on November 15, but the response to this grievance "ignored the facts."  He filed a Step Two appeal, but the response simply affirmed the Step One answer.  When he was finally given access to the law library, Ali says, it was "inadequate."

On November 28 and December 9, Ali says, Cunningham denied him access to legal research materials.  He filed grievances, but these ignored his claims.  However, Ali testified that after he filed the grievances, the prison officials began bringing him copies of cases, even though the responses to his grievances said that procedures were being followed.

On December 22, Ali says, Cunningham retaliated against him by delivering incomplete legal research materials and falsely alleging that Ali had stolen state property.  He says that on December 21, Cunningham had delivered three folders, containing copies of legal cases, to him by sliding the folders under his door.  These legal cases were photocopies and not stapled or attached in any way. After sliding the folders under Ali's door, Cunningham left, without giving Ali the chance to notify him of any missing pages.

On December 22, when Cunningham came for the cases, Ali told him that a page was missing.  Cunningham failed to conduct a cell search to ensure that Ali did not have it, but instead gave Ali a major disciplinary case as well as a suspension of access to legal research material.  Ali filed grievances, but to no avail.

On March 28, 2006, the U.S. District Court for the Western District of Texas ordered Ali to file three certified inmate trust account statements.  On April 7, Ali sent an I-60 request to Reneau asking for the trust account statements.  Reneau sent him a response saying "why/ I must see the court order."

Ali says that on April 11, he sent another I-60 request to Reneau asking for the statements. However, Reneau failed to respond, and thereby denied Al's request for these documents.  Ali filed grievances, but the responses were "incorrect and inadequate."

Consequently, Ali says, he was forced to undertake a hunger strike and to violate prison rules, resulting in the use of chemical agents.  On May 24, Reneau again denied him the requested inmate trust account statements.  He again filed grievances, but received no relief.

Finally, on May 31, Ali says, Cunningham provided the trust account statements to him, but the court's deadline only extended to May 30.  He says that his federal petitions were "needlessly delayed and interfered with" by Reneau's refusals to provide the statements.

In his next claim, Ali says that ever since he was convicted of criminal offenses, he has been challenging these convictions through habeas corpus.  He filed three Article 11.07 state habeas corpus applications, challenging his convictions, in the Court of Criminal Appeals on January 26, 2005, which were dismissed on June 22, 2005.[1]  On March 14, 2006, he filed three more habeas petitions in state court.  Ali says that these petitions were dismissed on April 19 because he did not comply with Rule 73.2 of the Texas Rules of Appellate Procedure, in that he failed to properly set out his summarized grounds for relief on the form rather than by reference or insertions, as instructed by the form.

On July 12, 2006, Ali again filed three habeas corpus petitions in state court.  These petitions were still pending as of the time of the filing of the present lawsuit.  However, Ali contends that his prior petitions were dismissed because the Defendants did not allow him to perform legal research so as to familiarize himself with the Texas Rules of Appellate Procedure.   He also says that a case which he filed in state court, which he terms a "complaint of official oppression," was dismissed because he could not familiarize himself with Chapter 14 of the Texas Civil Practice and Remedies Code; he says that the complaint was dismissed "for failure to comply with the procedural requirements of Chapter Fourteen of the Civil Practice and Remedies Code and for having no arguable basis in law."

---

[1]The on-line records of the Texas Court of Criminal Appeals show that these petitions were dismissed because Ali's direct appeal was still pending.   *See* http://www.cca.courts.state.tx.us/ opinions/handdown.asp?FullDate=20050622**.**

Ali says that on December 22, 2005, he was notified that he had been placed on a six-month legal research material suspension for failing to return a case citation which had been delivered to him.  He says that this was punishment which was imposed upon him without any sort of due process, and cites from the TDCJ regulations which he says that were violated in the placing of the suspension.

Ali appealed the suspension through the grievance procedure, but the Step One grievance response did not address or resolve the grievance.  His Step Two appeal also did not address or resolve the grievance.

On December 27, Ali says that he was served notice of a major disciplinary case for stealing legal research materials.  A hearing was conducted on December 29, and the hearing officer, McFarland, improperly determined that Ali was guilty, based solely on the officer's statement rather than the preponderance of the credible evidence.  Ali says that during the hearing, he tried to present evidence showing that he had taken notes from the case which he was accused of stealing, but McFarland would not let him offer it.  He filed grievance appeals regarding the disciplinary case, but again says that the responses were "inadequate."

<u>The Prison Records</u>

The Court has received and reviewed copies of Ali's prison records.  On November 14, 2005, Ali filed a grievance complaining that he was not being given access to legal research materials.  The response was that he had incorrectly filed his request, and an explanatory form was sent to him to assist him in obtaining the requested materials.  Ali then filed a Step Two appeal, complaining that he complied with the requirements but was still denied, and the response was that the Step One grievance had addressed his complaint.

On December 12, 2005, Ali filed a grievance complaining that he was denied access to the law library or to legal research material on November 28 and again on December 9.  He says that on December 9, the law library officer, accompanied by another officer and an SSI (inmate trusty) knocked on his cell door and said "Ali," once.  Ali says that he was not given an opportunity to get

4

up when the law library officer told the other officer "he refuses, let's go."  When Ali got to the door to get his materials, the law library officer said "you like to write s*** up, well write this up."  Ali complains that he is being continually denied research materials and it would be absurd for him to refuse them when offered.  The response was that on November 28, Ali had requested and received three legal items, and on December 9, he refused to get out of bed.  A notice with instructions on receiving legal items was sent to him.

In his Step Two appeal, Ali denied refusing to get out of bed or that he had ever received a notice with instructions.  The response was that the Step One grievance had addressed his complaints and that legal research material is handled in accordance with AM-03.81.080.

On December 23, 2006, Ali filed a grievance complaining that on December 21, Officer Cunningham delivered three legal cases to him, but he discovered that one of the cases had a page missing.  When Cunningham came to get the cases, Ali told him that the page was missing and offered to submit to a cell search, but Cunningham told him not to worry about it.  The next day, however, he was notified by Sgt. Hayes of a disciplinary case and asked for a statement.  He told Hayes that he copies by hand all legal information which he receives that he needs, and that Cunningham was simply writing a false case against him.  The response was that records reflect that Ali removed pages 560 and 561, resulting in a disciplinary case and a legal research material suspension; no evidence could be found to substantiate his claim.

Ali filed a Step Two appeal saying that he did not take the pages, that he has no motive or reason for doing so, that he is challenging his criminal conviction and would not do anything to jeopardize his access to legal materials, and that the Step One response relied on false materials created by Cunningham.  The response was that the evidence showed that the legal materials were complete when issued to Ali, but missing two pages when returned.

On January 3, 2006, Ali filed an appeal of the disciplinary case which he received.  Ali says that Cunningham testified that he knew that Ali took the page because it had been in the folder when delivered, but that Cunningham did not see Ali take the page.  Cunningham stated that he checked

the folder before delivering it, but Ali says that "my evidence is the same as Cunningham's - my word." The response was that no errors in procedure had been noted and that the decision of the hearing officer was based on the preponderance of the evidence offered.

Ali filed a Step Two appeal, saying that he was not allowed to present his notes in evidence, that there was no documentary evidence or witnesses presented to support the charge, and that the hearing officer failed to consider the possibility that a mistake had been made and the page not delivered to Ali to begin with. The response was that all due process requirements were satisfied, the punishment assessed was appropriate, and the officer testified that he had checked the packet before delivering it to Ali and the pages were all there, and the documentary evidence which Ali sought to offer was not relevant.

On January 4, 2006, Ali filed a grievance complaining about being put on legal research material suspension. The response was that he had been put on these restrictions for failing to return legal materials delivered to him, and so no violation of policy was noted.

In his Step Two appeal, Ali complains that the suspension was unconstitutional, that he was never given notice that such suspension could be imposed, that the punishment was based on a defective investigation report, and that inmates are not given notice that they are responsible for the materials delivered to them. The response was that he had been placed on legal research material suspension until June 23, 2006, in accordance with AM-03.81.035.

On April 3, 2006, Ali filed a grievance complaining that he was not being given access to the Access to Courts Manual. The response was that he was on legal research material suspension until June 23. He filed a Step Two appeal, and again was told that he was on suspension.

Next, on April 17, 2006, Ali filed a grievance saying that he had been ordered by U.S. District Judge Walter Smith to file three inmate trust account forms, but he had been unable to get them. The Step One response said that Ali had to give a reason why he was requesting the forms and failed to do so, and that once the requested information was received, the forms would be provided.

Ali then filed a Step Two appeal saying that he did give a reason - the judge ordered him to

submit the forms.  The response was that his grievance had been noted and that the Step One response was not correct, because proof of need is not required for the trust fund balance; only a verifiable legal court address on the envelope is needed. Ali then filed another grievance over this issue, and was told at both Step One and Step Two that his grievance had been resolved because the three inmate trust account forms were provided to him on May 31.

Ali's classification records contain a copy of the disciplinary case he received for taking two pages from the case citation.  The records of this hearing show that Ali testified that he did not receive the pages, while the officer testified that he checked the folder and the pages were there before it was delivered to Ali.  The records show that Ali wanted to bring documentary evidence in the form of past grievances and a premature grievance, but that this was denied as not being pertinent.  Ali was found guilty based on the accusing officer's report and testimony.

The on-line records of the Texas Court of Criminal Appeals show that Ali filed three  state habeas petitions in July of 2006 (docket no.'s 54,965-11, -12, and -13).  On October 11, 2006, after the filing of the present lawsuit, the Court of Criminal Appeals entered an order stating that Ali had alleged facts which, if true, could entitle him to relief, and so the petitions would be remanded to the trial court for fact-finding proceedings. Ex Parte Ali, --- S.W.3d — (Tex.Crim.App. Oct. 11,m 2006) (unpublished) (available on WESTLAW at 2006 WL 2879791).  In February of 2007, the petitions were dismissed by the Court of Criminal Appeals on the findings of the trial court without a hearing; Ali has filed motions for reconsideration, which are currently pending.

Legal Standards and Analysis

Ali's primary complaint concerns denial of access to legal materials.  Inmates have a right of access to legal materials, and prison officials cannot deny inmates access to court.  Bounds v. Smith, 430 U.S. 817 (1976).  However, actual injury must be shown to set out a violation of Bounds. Lewis v. Casey, 116 S.Ct. 2174, 2179-81 (1996) (actual harm must be shown to establish a violation of the right of access to court); *accord*, Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

In this regard, the Supreme Court stated <u>Bounds</u> does not "guarantee inmates the wherewithal to transform themselves into litigating engines." <u>Lewis</u>, 116 S.CT. AT 2182.  In <u>Lewis</u>, as noted above, the Court reaffirmed the longstanding requirement that inmates claiming a violation of <u>Bounds</u> must show actual injury.  <u>Lewis</u>, 116 S.CT. AT 2180.  The Court provided the following examples of "actual injury" under <u>Bounds</u>:

> [The inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

<u>Lewis</u>, 116 S.CT. AT 2180.

In this case, Ali has not shown that he suffered any harm from the denials of which he complains.  He says that he filed three state habeas petitions which were dismissed because he did not follow the Texas Rules of Appellate Procedure, but concedes that the form contained instructions to follow.  In fact, the form's instructions state (par. 6) that "you must include all grounds for relief on the application form as provided by the instructions under item 17.  You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17."  The instructions for item 17, on page 4 of the application form, read as follows [with emphasis in the original, on the application form]:

> Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground.  You must present each ground on the form application and a brief summary of the facts.  *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your application.*

> If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

> You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application.  If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

8

*See*   http://64.233.167.104/search?q=cache:ubcht9Bno6wJ:www.cca.courts.state.tx.us/forms/
AMENDED11.07%2520Writ%2520App%2520Form.pdf+texas+state+habeas+form+11.07&hl=en
&ct=clnk&cd=3&gl=us.

Although Ali asserts that his petitions were dismissed because he did not have access to the
Texas Rules of Appellate Procedure, he concedes that the basis for the dismissal was that he did not
follow Rule 73.2 of those Rules, requiring that his grounds for relief be presented on the application
form, a requirement of which he was necessarily aware, without need of access to the Rules, because
it was clearly set out in the instructions on the form.

Rule 73 of the Texas Rules of Appellate Procedure says, in pertinent part, that the application
must specify all grounds for relief, and set forth in summary fashion the facts supporting each
ground.  Ali has failed to show that lack of familiarity with this rule resulted in the dismissal of his
petitions; the instructions on the petition form were sufficient to alert him to the necessity of stating
all of his grounds for relief on the form itself, and not by reference to any attached memoranda.  Ali
has not shown that any denial of access to the law library caused these petitions to be dismissed, and
so his claim on this point is without merit.

Furthermore, as Ali concedes, he was eventually able to file his petitions, and even to
convince the Court of Criminal Appeals that there may have been potential merit in his claims.  In
October of 2006, his petitions were remanded to the trial court for further development.  Ali has not
shown that any denial of access to legal materials prior to the filing of this lawsuit, rather than his
failure to follow the instructions clearly stated on the form, resulted in the denial of his state habeas
applications; this denial was done based on the factual findings of the trial court and not on any
questions of law.  Ali has not shown that he was harmed with regard to his state habeas applications,
and so his claim on this point is without merit.

The records of the U.S. District Court for the Western District of Texas show that Ali has
filed three federal habeas corpus petitions, which were consolidated, challenging his three
convictions at issue here.  While it is true that Ali was ordered on March 28 to correct his *in forma*
*pauperis* applications, and he did not do so until June 7, he has not shown that he suffered any harm

as a result of this; his amended applications for leave to proceed *in forma pauperis* were granted and the Respondent was ordered to answer the consolidated petition, which remains pending. Although consideration of his petition may have been delayed for a few months, it is now pending before the Western District of Texas, and so Ali has not shown harm as defined by Lewis. His claim on this point is without merit.

Ali also refers, in his complaint, to a pleading which he filed in the state district court, which he says was dismissed because he was unable to review the procedural requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. He does not make the nature of this proceeding clear; in his lawsuit, he says that it was "a complaint for official oppression," which is a Class A misdemeanor under the Texas Penal Code, art. 39.03. It thus appears that Ali was attempting to file a criminal complaint *pro se*, which he cannot do because only prosecutors can initiate criminal complaints (except where the statute itself creates a private right of action, which is not the case here). *See* Bass Angler Sportsman Society v. United States Steel, 324 F.Supp. 412, 415 (S.D. Ala.), *aff'd* 447 F.2d 1304 (5th Cir. 1971); Shinault v. American Airlines, Inc., 936 F.2d 796, 800 (5th Cir. 1991). Because he has no right to file a criminal complaint *pro se*, the fact that he could not do so is not a constitutional denial of the right of access to court.

Even were this not the case, and Ali was trying to file a civil lawsuit, his complaint states that the lawsuit was dismissed for failure to follow the procedural requirements of Chapter 14, *and* because the claims had no arguable basis in law. The Supreme Court has explained that there is no constitutional right to file frivolous litigation, and that denial of access to court claims require that the frustrated action be non-frivolous. Lewis, 116 S.CT. AT 2174 and n.3. Ali has offered nothing to show that the state court's determination that his claims lacked an arguable basis in law was erroneous, and so his assertion that he was denied access to court with regard to the case that he filed in state district court is without merit.

Ali next complains that the legal research materials restriction was imposed without a hearing. However, it is undisputed that a hearing was held on a disciplinary case for taking the page

from the case, and Ali was found guilty on this charge.  Any error in imposing the restriction without a hearing was thus rendered harmless by the holding of a hearing on the accusations leading to the imposition of the restrictions.

Next, Ali complains about this disciplinary case, saying that it was the result of retaliation and that he was denied due process.  He says that he was not allowed to present evidence, that he was found guilty without evidence, and that he got "an inadequate written disposition" of the charges.

The Fifth Circuit has stated that the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown.  Stewart v. Thigpen, 730 F.2d 1002 (5th Cir. 1984).  This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the result reached.  Smith v. Rabelais, 659 F.2d 539 (5th Cir. 1981); see also Adams v. Gunnell, 729 F.2d 362, 370 (5th Cir. 1983) (hearing officer's decision will be upheld when it is supported by "some facts ... any evidence at all.")  An officer's report, by itself, is sufficient to support a finding of guilt.  Hudson v. Johnson, 242 F.3d 534, 536-37 (5th Cir. 2001).  The district court, in reviewing this issue, need not conduct a de novo factual review.  Smith, 659 F.2d at 545.

In the present case, although Ali contends that there was no evidence to support the charges, the hearing record shows that the charging officer testified that he checked the folder and that the missing pages were there when the folder was delivered to Ali, but that these pages were not there when the folder was returned.  This testimony constitutes "some evidence" to support the charge that Ali removed the pages and retained them instead of returning them with the rest of the case.  Hudson, 242 F.3d at 536.  Although Ali testified that the pages were not there when he received the case, this is a matter for the hearing officer to decide, and the federal court cannot conduct a de novo factual review and believe Ali rather than the contrary testimony.  Smith, 659 F.2d at 545.  Even if the hearing officer made a mistake in believing the charging officer rather than Ali, this still does not show a denial of due process; the Fifth Circuit has stated that in the context of prison disciplinary

proceedings, the Constitution requires due process, not error-free decision-making.  McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983).

Nor has Ali shown a denial of due process in the fact that he could not introduce the documentary evidence he wanted.  He says that he wanted to offer copies of notes that he made, presumably to show that he copies, by hand, legal materials which he receives.  However, this fact is not relevant to the question of whether or not he removed the pages from the case copy he received.  The fact that Ali makes hand copies of documents does not preclude him from having removed pages from a case which he received.  He has no constitutional right to present evidence which is not relevant.  This claim is without merit.

Ali does not make clear what he means by "an inadequate written disposition" of the charges. The record which appears in his classification record provides notice of the charges against him, shows that Ali received notice of this charges two days before the hearing, shows that he was found guilty based on the officer's statement at the time of the hearing, and indicates the punishment imposed.  This is sufficient to satisfy the requirements of due process.  See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).  This claim is without merit.

Similarly, Ali complains about receiving six months' suspension from legal research materials.  As noted above, he has not shown that he suffered any harm to his legal position in any way as a result of this suspension.  As the Fifth Circuit has explained, he right of access to legal materials is simply an offshoot of the right of access to court, because the Court's main concern is protecting the ability of the inmate to prepare a petition or complaint.  Mann v. Smith, 796 F.2d at 83, citing Bounds, 430 U.S. at 828 and n.17.  In other words, Ali does not have a right of access to legal materials for its own sake, but a right of access to court which incorporates the right of access to legal materials.  He has not shown that he has been deprived of access to court, as stated in Lewis, and so his claim on this point is without merit.

Next, Ali claims that he has been the victim of retaliation.  The Fifth Circuit has stated that a prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are

not enough.  Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988); Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988).

The Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  This requirement places a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred.  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation.  Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

In considering such claims, the Fifth Circuit has cautioned as follows:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties.  Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Woods v. Smith, 60 F.3d at 1166.  The Court went on to explain that district courts must "carefully scrutinize" claims of retaliation in order to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves."  Woods, 60 F.3d at 1166; *accord*, Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (noting that "while a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform.").  As the Eighth Circuit explained, any other rule would allow a prisoner to openly flout prison regulations after filing a grievance and then bring a claim under Section 1983 arguing that prison officials disciplined him in retaliation for filing a grievance.  Orebaugh, 910 F.3d at 528.

In <u>Jones v. Greninger</u>, 188 F.3d 322 (5th Cir. 1999), the Fifth Circuit stated if an inmate raising a retaliation claim was unable to point to a specific constitutional right that was violated, the claim would fail. <u>Jones</u>, 188 F.3d at 326. In that case, inmate Jones complained that he was retaliated against for filing grievances, and the retaliation took the form of limiting his right of access to court. This limitation involved a transfer to work in food service, so his legal research time would be limited to five hours per week. The Fifth Circuit held that there was no constitutional violation inherent in a limitation of law library access time to five hours per week; consequently, the Court said, because Jones had failed to show that the Defendants had engaged in conduct that will result in a violation of his right of access to court, his retaliation claim necessarily failed. <u>Jones</u>, 188 F.3d at 326.

Similarly, although Ali complains that he has been the victim of retaliation, which operated to deny him access to legal research materials, but he has not shown that his right of access to court has been violated. For this reason, his claim of retaliation is without merit. *See also* <u>Tighe v. Wall</u>, 100 F.3d 41, 43 (5th Cir. 1996).

In addition, Ali has not shown a necessary element of a retaliation claim in that he has failed to show causation. In other words, Ali has not shown that but for the alleged retaliatory motive, the actions complained of would not have occurred. Instead, he merely avers that he filed grievances, and then action adverse to him was taken, and so the adverse action must have been retaliatory in nature. The Fifth Circuit has observed that the mere fact that one incident precedes another is not proof of a causal connection; this is the logical fallacy of post hoc ergo propter hoc (after this, therefore on account of this). *See* <u>Tampa Times Co. v. National Labor Relations Board</u>, 193 F.2d 582 (5th Cir. 1952) (post hoc ergo propter hoc is not sound logic). The plaintiff's claims of retaliation are based on this fallacy and thus insufficient to state a constitutional claim; instead, he presents only his personal belief that he has been the victim of retaliation. <u>Johnson</u>, 110 F.3d at 310; *see also* <u>Moody</u>, 857 F.2d at 258. Ali has failed to show a constitutional violation in his claim of retaliation, and so this contention is without merit.

14

In his final claim for relief,[2] Ali says that Warden Sloan and Vickie Barrow failed to overturn or modify the legal research materials suspension when he filed grievances about it.  The Fifth Circuit has held that inmates do not have a constitutionally protected liberty interest in having grievances resolved to their satisfaction, and so there is no violation of due process when prison officials fail to do so.  Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).  Neither Barrow nor Sloan had a constitutional duty to believe Ali's version of the facts and resolve his grievances in the manner which he deemed most appropriate.

To the extent that Ali sues supervisory personnel, including the unit wardens, Sloan and Roesler; the individuals overseeing the Step Two grievance programs, Lewis and Roddey; and the administrator of the TDCJ Access to Courts Program, Frank Hoke, his claims are likewise without merit.  He has no constitutional right to have his grievances or complaints resolved in his favor. Furthermore, the Fifth Circuit has stated that lawsuits against supervisory personnel based on their positions of authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases.  Williams v. Luna, 909 F.2d 121 (5th Cir. 1990).  A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation.  Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  Insofar as Ali sued the unit wardens, the Access to Courts administrators, or the Step Two grievance personnel based on their positions of authority, his claims are without merit.

---

[2]Ali also refers, obliquely, to a use of force, apparently involving chemical agents.  He does not give any facts or name any defendants in connection with this use of force, nor is it mentioned in any of his grievances.  Consequently, this use of force is not part of the present lawsuit, and any claim which Ali may have concerning this use of force is unaffected by it.  Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees.  Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory.  Neitzke v. Williams, 490 U.S. 319, 325-7 (1989).  A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Neitzke v. Williams, 490 U.S. 319, 327, (1989), citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Ali's claims lack any arguable basis in law and fail to state a claim upon which relief may be granted.  Consequently, his lawsuit may be dismissed as frivolous under 28 U.S.C. §1915A(b).  See generally Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993).  It is accordingly

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous.  28 U.S.C. §1915A(b).  It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **5**   day of  **June, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE